## THE ELIZABETH DANTZLER.

(District Court, E. D. Virginia. January 30, 1920.)

SHIPPING ☞125—VESSEL HELD LIABLE FOR NEGLIGENT INJURY TO CARGO, WHERE DEVIATION OCCURRED.

A schooner on a voyage from New York to Charleston, with cargo of garbage tankage, a combustible substance, which, because of a broken compass and injured seaman, deviated and entered Hampton Roads, where, with knowledge of the owners, she remained for more than six weeks, when fire occurred in the cargo from spontaneous combustion, *held* liable to the cargo owner for its loss.

In Admiralty. Suit by G. T. Taylor's Marine Railway Corporation against the schooner Elizabeth Dantzler. On petition of Peters, White & Co., cargo owners. Decision on pleadings.

J. Westmore Willcox, of Norfolk, Va., for cargo owners.

Baird & White, of Norfolk, Va., for United States Fidelity & Guaranty Co.

George M. Dillard, of Norfolk, Va., for petitioner Bell.

Loyall & Taylor, of Norfolk, Va., for The Elizabeth Dantzler.

WADDILL, District Judge. Considering the questions arising upon the libel and petition of Peters, White & Co., filed in this proceeding, and the petition of the United States Fidelity & Guaranty Company, of Baltimore, also filed herein, the court's conclusion is:

First. That the said Peters, White & Co., the cargo owners, are entitled, as between the cargo and the schooner, to recover for the loss sustained by reason of damage to the cargo, set forth in the petition. The schooner was clearly not seaworthy, within the spirit and meaning of section 3 of the Harter Act of February 13, 1893 (U. S. Comp. St. § 8031). This condition of the ship seems not to have entered into the loss sustained in this case. The vessel, however, under the Act of March 3, 1851, Rev. St. § 4282 (Comp. St. § 8020), as follows:

"Sec. 4282. * * * No owner of any vessel shall be liable to answer for or make good to any person any loss or damage which may happen to any merchandise whatsoever, which shall be shipped, taken in, or put on board any such vessel, by reason or by means of any fire happening to or on board the vessel, unless such fire is caused by the design or neglect of such owner"

—should be held liable under the facts and circumstances of this case, as the fire from which the cargo was damaged was caused by the neglect of the owner. The ship left the harbor of New York on or about the 19th day of August, 1918, en route for Charleston, S. C., with a cargo of garbage tankage, manifestly a combustible substance,

though not an unusual article of commerce. The trip should ordinarily have taken about 10 days. Instead of proceeding direct to its destination, it deviated from its course, and came into Hampton Roads, where it remained until the 1st of November, 1918; the reason for the deviation being alleged to be the fact that the ship's compass was broken, and needed repairs, and further that one of the seamen of the vessel was seriously injured while at sea, and had to be brought into Hampton Roads to secure medical attention, and while lying in the roads the captain of the vessel was taken seriously ill, and later died in the city of Norfolk.

The ship's owners were fully advised of the ship's deviation, and the master's illness and death, and it was inexcusable in them, having regard to the character of the cargo, not to have made provision for the vessel to proceed to her destination; and for the fire caused by spontaneous combustion, which broke out on the 31st of October, 1918, in the harbor of Norfolk, after the vessel had been lying there some 6 weeks, they should be held liable. The dangers arising in the transportation of combustible material are greatly enhanced by the prolongation of the voyage, as illustrated in this case. The vessel should have reached her destination and discharged her cargo within one-third of the time that expired before the fire broke out. Moreover, the testimony shows that the cargo was not safeguarded by the opening of hatches, which might have prevented or delayed the fire before it assumed dangerous proportions.

Second. As between the cargo owners aforesaid and the United States Fidelity & Guaranty Company, the latter is not entitled to priority, in payment of the claim set up in its said petition.

Third. That it is not necessary at the present time to pass upon the questions arising upon the petition of W. T. Bell, and action on that branch of the case will be postponed for the time being.