### THE IDA.

### COMPAGNIE D'ENTREPRISES COMMERCIALES EN EGYPTE v. COSULICH SOCIETA TRIESTINA DI NAVIGAZIONE.

#### No. 13973.

District Court, E. D. New York.
March 19, 1934.

Hill & Rivkins, of New York City (Robert E. Hill, of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (L. De Grove Potter and John J. Heckman, both of New York City, of counsel), for respondent.

MOSCOWITZ, District Judge.

This is a hearing on the exceptions to the amended libel.

The amended libel alleges a cause of action founded upon deviation and sets forth with particularity the ports off her course to which the ship deviated.

The respondent's vessel left Hopewell, Va., with a cargo of Arcadian nitrate of soda, for the port of Alexandria, Egypt.

The libel states that the said steamship departed from the port of Hopewell, Va., but, under the direction of and with the knowledge of the respondent, failed to pursue her voyage in due course and with utmost dispatch, and wrongfully in violation of the respondent's and ship's obligation as common carriers departed and deviated from her said course and proceeded in a contrary direction thereto, and proceeded to New Orleans, La., Houston, Tex., Galveston, Tex., Mobile, Ala., Venice, Italy, Trieste, Italy, Fiume, Italy, and then proceeded to dispatch her cargo at Alexandria, Egypt, where the cargo was found not to be in the same good order and condition as when shipped, but on the contrary seriously injured and damaged by having come in contact with fire, water, and other substances, the nature of which is not known to the libelant, all of which is in violation of the respondent's and the ship's obligations as common carriers.

The exceptions to the libel allege in substance that the amended libel does not allege that the fire was due to the personal design or neglect of the respondent as required in section 4282 of the Revised Statutes (46 USCA § 182), and that the libel does not state facts sufficient upon which to base a cause of action.

The question in this case is whether the amended libel sets forth a cause of action. It need not be decided, but must be assumed for the purpose of this motion that there was a deviation as stated in the amended libel. What is the effect on the shipowner's liability if there is a deviation? If there has been a deviation is it necessary for the libelant to affirmatively allege and prove that the fire was caused by the design or neglect of the ship's owner as required by section 4282 of the Revised Statutes of the United States?

■ The law is well settled that a carrier which has been guilty of deviation becomes an insurer for any damage suffered by the cargo. The Willdomino, 272 U. S. 718, 47 S. Ct. 261, 71 L. Ed. 491; The Citta Di Messina (D. C.) 169 F. 472; Thorley v. Orchis, 1 K. B. (1907) 660.

It is wholly immaterial whether her deviation had any cause or connection with the damage caused to her cargo. If the cargo was in good order and condition when the deviation occurred, the ship must answer for its subsequent damage. The Citta Di Messina, supra.

Section 4282 of the Revised Statutes of the United States (46 USCA § 182) states: "No owner of any vessel shall be liable to answer for or make good to any person any loss or damage, which may happen to any merchandise whatsoever, which shall be shipped, taken in, or put on board any such vessel, by reason or by means of any fire happening to or on board the vessel, unless such fire is caused by the design or neglect of such owner."

■ The vessel having deviated from its course cannot claim the benefits of the fire statute. The Indrapura (D. C.) 171 F. 929; The St. Paul (D. C.) 277 F. 99; The Elizabeth Dantzler (D. C.) 263 F. 596; Charbonnier v. U. S. (D. C.) 45 F.(2d) 166.

Exceptions are overruled.

Settle order on notice.